**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | CR-06-019-TUC-DCB |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Jesus Jose Ortiz, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Pending before this Court are Plaintiff's and Defendant's Objections to the Magistrate's Report and Recommendation (RR). Defendant's second Motion to Dismiss Indictment requests that the enhancement of count one be dismissed.[1] (Doc. No. 29.) Defendant's third Motion to Dismiss Indictment seeks dismissal of counts two and three. (Doc. No. 43.) The Magistrate Judge, after a hearing, recommends denying the second motion and recommends denying in part and granting in part the third motion. Having performed its *de novo* review of the matter, this Court will adopt the Magistrate's Report and Recommendation, as explained in more detail below.

**INTRODUCTION**

On December 13, 2006, a Superceding Indictment was filed naming the Defendant for violations of 8 U.S.C. §1326(a), enhanced by 8 U.S.C.

---

[1] The first Motion to Dismiss Indictment (Doc. No. 28) was previously dismissed as moot.

§1326(b)(2) (Re-entry after Deportation); 18 U.S.C. §1546(a) (Fraud and Misuse of Documents); and, 18 U.S.C. §911 (False Claim to United States Citizenship).

A hearing was conducted before the Magistrate Judge on March 13, 2007. The Magistrate Judge issued a Report and Recommendation on April 12, 2007. On April 22, 2007, Defendant filed an Objection. On April 25, 2007, the government filed an Objection.

The essential facts as alleged are that when Defendant attempted to enter the United States of America through Nogales, Arizona, he falsely claimed to be a United States citizen (when in fact he is a citizen of Mexico) and presented an Arizona driver's license as identification and as proof of his claim of citizenship. Allegedly, Defendant had previously been deported at least twice previously and the Arizona driver's license had been falsely obtained in the name of Mike N. Mascokro. Defendant is also alleged to have made the statement of United States citizenship to immigration officials at the Nogales Port of Entry.

**DISCUSSION**

**I. Standard of Review**

When an objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir.), *cert.denied*, 540 U.S. 900 (2003).

**II. Motion to Dismiss Enhancement of Count One**

The Magistrate Judge recommends denying the Motion to Dismiss the enhancement of count one after a thorough review of the facts and the law. Defendant's Objection that the process is "arcane" and that most

2

attorneys would be "hard-pressed to comply with the appeal requirements," is not well taken.

The Motion to Dismiss the enhancement in count 1 (Doc. No. 29) is denied.

**III.  Motion to Dismiss Counts Two and Three of the Indictment**

    **A.  Dismissal of Count Three**

The Magistrate Judge recommends that the motion to dismiss count three be denied.  No objections were filed, consequently the recommendation is adopted.

    **B.  Dismissal of Count Two**

The Magistrate Judge recommends dismissing count two of the indictment and the government objects.  Defendant is charged with violating 18 U.S.C. §1546(a) in count two, as follows:

> § 1546. Fraud and misuse of visas, permits, and other documents
>
> (a) Whoever knowingly forges, counterfeits, alters, or falsely makes any immigrant or nonimmigrant visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, or utters, uses, attempts to use, possesses, obtains, accepts, or receives any such visa, permit, border crossing card, alien registration receipt card, or other document prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to be forged, counterfeited, altered, or falsely made, or to have been procured by means of any false claim or statement, or to have been otherwise procured by fraud or unlawfully obtained;  or
>
> Whoever, except under direction of the Attorney General or the Commissioner of the Immigration and Naturalization Service, or other proper officer, knowingly possesses any blank permit, or engraves, sells, brings into the United States, or has in his control or possession any plate in the likeness of a plate designed for the printing of permits, or makes any print, photograph, or impression in the likeness of any immigrant or nonimmigrant visa, permit or other document required for entry into the United States,

1
2
3
> or has in his possession a distinctive paper which has been adopted by the Attorney General or the Commissioner of the Immigration and Naturalization Service for the printing of such visas, permits, or documents; or

4
5
6
7
8
9
> Whoever, when applying for an immigrant or nonimmigrant visa, permit, or other document required for entry into the United States, or for admission to the United States personates another, or falsely appears in the name of a deceased individual, or evades or attempts to evade the immigration laws by appearing under an assumed or fictitious name without disclosing his true identity, or sells or otherwise disposes of, or offers to sell or otherwise dispose of, or utters, such visa, permit, or other document, to any person not authorized by law to receive such document; ...

10
11
12
13
The Magistrate's recommendation to dismiss count two is based on the finding that the use of a driver's license "does not fall within the group of immigration documents the fraudulent use of which would support charges under 18 U.S.C. §1546(a)."  (RR at 9.)

14
15
16
The government objects to this recommendation because, in the state of Arizona, presentation of a driver's license is evidence that a person is lawfully in the United States, as follows:

17
> A.R.S. § 16-166. Verification of registration

18
19
20
> F. The county recorder shall reject any application for registration that is not accompanied by satisfactory evidence of United States citizenship. Satisfactory evidence of citizenship shall include any of the following:

21
22
23
24
> 1. The number of the applicant's driver license or nonoperating identification license issued after October 1, 1996 by the department of transportation or the equivalent governmental agency of another state within the United States if the agency indicates on the applicant's driver license or nonoperating identification license that the person has provided satisfactory proof of United States citizenship.

25
> \* \* \*

26
27
> A.R.S. § 28-3158. Driver license or instruction permit application
> \* \* \*

28

> **C.** An applicant for an instruction permit or a driver license shall give the department satisfactory proof of the applicant's full legal name, date of birth, sex and residence address and that the applicant's presence in the United States is authorized under federal law.

In 1986, 18 U.S.C. §1546(a) was amended to include "other documents prescribed by statute or regulation for entry into or evidence of authorization to be in the United States."

The government argues that the state of Arizona will not issue a driver's license without proof of lawful residence in Arizona and the United States. In the state of Arizona, presentation of a false driver's license at the border is a misrepresentation of legal status in the United States. This may not be the case will all driver's licenses, but it is with Arizona and constitutes "another document" for purposes of violating 18 U.S.C. §1546(a).

Based on the facts in this case, this Court need not resolve whether or not a false Arizona driver's license is a document contemplated by §1546(a). The Court will adopt the recommendation to dismiss count two based on its own finding that counts two and three are multiplicitous.

Count three of the indictment charges a violation of 18 U.S.C.§ 911:

> Section 911. Citizen of the United States
>
> Whoever falsely and willfully represents himself to be a citizen of the United States shall be fined under this title or imprisoned not more than three years, or both.

In general, "multiplicity" is the charging of a single offense under more than one count of an indictment. *United States v. Nguyen,* 28 F.3d 477, 482 (5th Cir. 1994); *see also United States v.  Jawara*, 474

F.3d 565, 574 (9th Cir. 2007). "The chief danger raised by a multiplicitous indictment is the possibility that the defendant will receive more than one sentence for a single offense." *United States v. Swaim,* 757 F.2d 1530, 1537 (5th Cir.), *cert.denied*, 474 U.S. 825 (1985). Where the question of multiplicity arises because of overlapping statutory provisions, "[t]he test for determining whether the same act or transaction constitutes two offenses or only one is whether conviction under each statutory provision requires proof of an additional fact which the other does not." *Nguyen,* 28 F.3d at 482. The Double Jeopardy Clause precludes a second punishment for the same offense, not for the same conduct. *See United States v. Dixon,* 509 U.S. 688, 699 (1993).

After a review of the indictment and the facts developed at the hearing, the Court finds that the facts underlying the charge in count three mirror the facts underlying the charge in count two. A violation of §911 may be accomplished by holding out as being properly residing in the United States, as well as using a form of identification to corroborate that statement. "To obtain a conviction under section 911, the Government must establish the following elements beyond a reasonable doubt: (1) the defendant made a false claim of citizenship; (2) the misrepresentation was willfull (i.e. voluntary and deliberate); and (3) it was conveyed to someone with a good reason to inquire into this citizenship status. *United States v. Karaouni*, 379 F.3d 1139, 1142 (9th Cir. 2004)(citations omitted)." (RR at 9.) Use of the driver's license at the Port of Entry is evidence of making a false claim of citizenship and the circumstances surrounding how and why Defendant obtained the false driver's license goes to willfulness. This conclusion also bolsters the Magistrate's recommendation not to dismiss count 3 based on

insufficient evidence. The Court views that charging both §1546(a) and §911 in this particular instance implicates the Double Jeopardy clause. Based on this ruling, the Court will not address the issue of whether or not the use of an Arizona driver's license is sufficient to charge a violation under Section 1546(a).

On the other hand, under the *Blockburger v. United States,* 284 U.S. 299, 304(1932) test ( "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not"), the indictment for both illegal re-entry after deportation and false and willful misrepresentation of citizenship is not multiplicitous. *United States v. Lopez-Martinez*, 229 F.3d 1160 (9th Cir. 2000).

Accordingly,

IT IS ORDERED that the Court adopts the Magistrate's Report and Recommendation (Doc. No. 62), with the exception noted herein.

IT IS FURTHER ORDERED that the Motion to Dismiss the Indictment (Doc. No. 29) is DENIED; and, the Motion to Dismiss the Indictment as to count two is GRANTED and as to count three is DENIED. (Doc. No. 43.) Count two of the Indictment is DISMISSED.

DATED this 4th day of June, 2007.

David C. Bury
United States District Judge